IN RE DISQUALIFICATION OF RUEHLMAN.

THE STATE OF OHIO *v.* WARNER.

[Cite as *In re Disqualification of Ruehlman*
(1991), 74 Ohio St.3d 1229.]

(No. 91–AP–110—Decided July 8, 1991.)

MOYER, C.J. The affidavit of disqualification herein was filed by Michael R. Barrett, counsel for defendant Marvin L. Warner, seeking the disqualification of Judge Robert P. Ruehlman from further proceedings in the above-captioned case. Pending before Judge Ruehlman is defendant's Motion to Suspend Further Execution of Sentence.

The affidavit alleges that comments made by Judge Ruehlman at the execution of sentence on April 23, 1991 evidence bias and prejudice against the defendant and a prejudgment of the merits of the pending motion.

A transcript of the April 23, 1991 proceedings indicates that Judge Ruehlman made this unsolicited remark: "[I]f the parole board calls me I am going to tell them that you should serve the full three and one-half years." (Sentencing transcript at 30, lines 1–3.) This remark suggests "the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an

. open state of mind" such that a reasonable person could question whether the decision on the pending motion "will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469, 58 O.O. 315, 318, 132 N.E.2d 191, 195.

Therefore, in the interest of avoiding even the appearance of any bias or prejudice and to ensure the absolute confidence of the parties and the public in the fair and impartial resolution of all matters, it is ordered that Judge Robert R. Ruehlman participate no further in these proceedings.

The case is returned to the Court of Common Pleas of Hamilton County for reassignment to another judge of that court.