IN RE DISQUALIFICATION OF SHEWARD.

BOLDING *v.* DUBLIN LOCAL SCHOOL DISTRICT ET AL.

[Cite as *In re Disqualification of Sheward* (1996), 77 Ohio St.3d 1258.]

(No. 96–AP–127—Decided November 1, 1996.)

MOYER, C.J.  Counsel for plaintiff Desmond Bolding has filed an affidavit seeking the disqualification of Judge Richard S. Sheward from further proceedings in the above-captioned case.

Affiant asserts that Judge Sheward is biased and prejudiced against him and that this bias and prejudice have caused his client to believe that he cannot receive a fair trial before Judge Sheward.  Affiant generally makes two claims in support of his assertion that Judge Sheward is biased and prejudiced against him.  First, he cites Judge Sheward's August 1994 decision to sustain the defendants' motion for a directed verdict.  Affiant claims that this decision was contrary to the judge's decision in January of that year to overrule the defendants' motion for summary judgment and came one day after affiant challenged the defense's exclusion of an African–American from the jury.  The judge's ruling on the motion for a directed verdict was reversed by the court of appeals, which concluded that sovereign immunity does not shield the defendants from liability in this instance.  See Bolding v. Dublin Loc. School Dist. (June 15, 1995), Franklin App. No. 94APE09–1307, unreported, 1995 WL 360227.

Affiant's second contention is that Judge Sheward harbors a racially motivated bias and prejudice toward affiant that affects his ability to remain impartial in this case and compromises the appearance of fairness and justice.  In support of his claim of race-based bias and prejudice, affiant refers to Judge Sheward's comments during the jury selection phase of the initial trial in this case.  See transcript of August 16, 1994 proceedings at pages 19–26.  These comments relate to the defense's peremptory challenge of an African–American juror on the grounds that she attended high school with the plaintiff's mother and previously had a disability.  Affiant claimed that the challenge constituted a systematic exclusion of minority jurors, in violation of Batson v. Kentucky (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, a claim with which Judge Sheward disagreed.  In expressing his disagreement with affiant, Judge Sheward expressed his difficulty in applying the holding of the Batson case and directly addressed affiant as a legislator and an African–American.

Rulings that are adverse to a party in a pending case and with which a party disagrees or is dissatisfied are not grounds for disqualification, even if those rulings later are reversed on appeal.  In re Disqualification of Murphy (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.  Affiant contends that Judge Sheward's ruling on the defendants' motion for a directed verdict was motivated by bias and prejudice created by affiant's challenge to the alleged systematic exclusion of

minority jurors in this case. I have reviewed the record in which Judge Sheward discusses his ruling on the motion for summary judgment and cannot conclude that his decision in this regard was motivated by bias or prejudice. Rather, the decision was based on his application of the law, as he believed it to exist, to the facts before him. Although the court of appeals disagreed with Judge Sheward's application of the law in this case, the court did not conclude that the decision was the product of any racial prejudice on the part of Judge Sheward.

Affiant's second contention relates to the comments by Judge Sheward that appear at pages 19–26 of the August 16 transcript. While these comments were unusual under the circumstances in that Judge Sheward specifically addressed the affiant as an African–American lawyer and state legislator, I do not believe that they demonstrate bias or prejudice by Judge Sheward against affiant or his clients. Judge Sheward expresses his opinion that the holding in *Batson* and the concept of peremptory challenges are contradictory and comments on the difficulty he has, as a trial judge, in assessing the motives of lawyers who exercise peremptory challenges involving minority jurors. I do not read these comments as being grounded in prejudice either toward affiant or African–Americans in general. Rather, they appear to constitute an attempt to explain his ruling on the affiant's objection to exclusion of a prospective juror. At no time does Judge Sheward indicate that he will refuse to follow the law.

While Judge Sheward's remarks do not support a finding that the judge harbors a bias or prejudice against affiant or his clients, I am concerned that his statements could suggest to a reasonable person the appearance of prejudice or impropriety. See *In re Disqualification of Mitrovitch* (Apr. 25, 1991), No. 91–AP–050, unreported, and *In re Disqualification of Werren* (Mar. 29, 1988), No. 88–AP–039, unreported. To avoid the appearance of impropriety and to ensure the parties' absolute confidence in the fairness of these proceedings, I conclude that Judge Sheward should be disqualified from this case.

Accordingly, the affidavit is found well taken and Judge Richard S. Sheward is disqualified from further proceedings in the above-captioned case. The case is returned to the administrative judge of the Franklin County Court of Common Pleas, General Division, for reassignment.