Defendant-appellant Raynard McDonall aka Raymond McDonald appeals in this delayed appeal from his plea-bargained conviction for burglary.
On March 11, 1996, defendant was indicted in Case No. CR-335466 for aggravated burglary. The indictment alleged that on December 9, 1995, defendant unlawfully, by force, stealth, or deception, trespassed in an occupied structure used for habitation, with the purpose to commit a felony therein, at a time when a person was present or likely to be present in violation of R.C. 2911.11.
Approximately one year later, after a series of capias orders were issued to obtain defendant's appearance, defendant, while represented by his second counsel, appeared to enter a guilty plea pursuant to a plea bargain. The prosecution agreed to reduce the charge to the lesser offense of burglary under R.C.2911.12 (A) (1). At the guilty plea hearing, the trial court engaged in a dialogue with defendant, and explained his rights in compliance with Crim.R. 11 (C). Prior to accepting his guilty plea, the prosecution and trial court explained to defendant that the offense of burglary was probationable. They also discussed that defendant might be found to have violated his probation in a prior case that had been assigned to the same trial judge.
Defendant stated that he understood his rights and pleaded guilty to the reduced charge of burglary, an aggravated felony of the second degree, in violation of R.C. 2911.12 (A) (1). The trial court accepted defendant's guilty plea, referred the matter for a probation report, and scheduled the matter for sentencing at a later date.
At the sentencing hearing, defendant apologized for committing this crime and blamed it on his "alcohol problem." Defense counsel recognized defendant's prior involvement with the criminal justice system as stated in the presentence report. He stated that defendant understood that he would be incarcerated for a period of time, but asked that defendant be sentenced to the minimum with credit for time served.
The trial judge recognized that defendant broke into a residence and that a child was traumatized as a result. He also stated that he knew from personal experience that "being on the receiving end has got to be an extremely terrifying experience for anybody." The judge stated that he had once been assaulted in New York City. The judge sentenced defendant to an indefinite term of six to fifteen years imprisonment. The judge thereafter found defendant to be a probation violator and terminated his probation in his prior criminal case No. CR-301647. Defendant appeals in this delayed appeal, raising three assignments of error.
Defendant's first assignment of error follows:
 THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF APPELLANT BY THE JUDGE NOT DISQUALIFYING HIMSELF DUE TO BIAS OR IMPARTIALITY [SIC] EFFECTING [SIC] HIS SENTENCING OF APPELLANT AND THEREBY DENIED APPELLANT OF HIS RIGHT TO IMPARTIAL SENTENCING AND DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
This assignment lacks merit.
Defendant contends the trial court exhibited bias during the sentencing hearing because he referred to the fact that he personally had been assaulted in New York City. He contends the judge should have recused himself to avoid "even the appearance of impropriety."
Initially, we note that defendant waived any claim of error by failing to object at sentencing. State v. Awan
(1986). 22 Ohio St.3d 120, 122. Apparently nothing appeared improper to him at the sentencing hearing. Waiting approximately one and one-half years after sentencing to raise such a claim for the first time on appeal undermines the credibility of the argument.
More importantly, the trial judge's comment was innocuous. He explained that a child was traumatized by defendant's breaking into his residence, and that being a crime victim at any age is traumatic. He called upon personal experiences to emphasize the likelihood of this effect. We discern nothing improper in the trial court's comments.
To warrant disqualification from sentencing a defendant, defendant must show the formation of a:
 "fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind" such that a reasonable person could question whether the decision on the pending motion "will be governed by the law and the facts."
Columbus v. Pierce (1991), 77 Ohio App.3d 841, 844, quoting In re Disqualification of Ruelman (1991), 74 Ohio St.3d 1229,1229-1230.) Defendant has made no such showing in the case at bar.
It would be difficult to find any adult who could impose sentence against an admitted criminal if it required that the one imposing sentence had never previously been a victim of any crime. In this case, the crime defendant admittedly committed, burglary, was significantly different from the crime of assault previously committed in a different city against the judge. Moreover, the same trial judge had previously granted defendant probation for an earlier crime. In short, there is absolutely nothing in the record to indicate that the trial judge had a fixed opinion to sentence burglars more harshly because he had previously been assaulted.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 APPELLANT WAS PREJUDICED [SIC] WHERE COUNSEL FAILED TO CONDUCT A HEARINGS [SIC] AND OBTAIN A RULINGS [SIC] ON A MOTIONS [SIC] TO SUPPRESS IDENTIFICATION AND TO SUPPRESS EVIDENCE FILED ON APPELLANT'S BEHALF EITHER OR BOTH OF WHICH CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS.
This assignment lacks merit.
Defendant contends that his defense counsel were ineffective because neither counsel obtained a ruling on the pending motions to suppress. Moreover, the second counsel negotiated a plea to a lesser charge before he obtained a ruling on the motion. Defendant's first counsel filed a motion to suppress his identification on the grounds that the officers who arrested him as he fled and returned him to the scene of the crime somehow suggested to the occupants who identified him that defendant was the offender. Defendant's second counsel, who replaced his first counsel after a series of capias orders were issued to compel defendant's appearance, filed a motion to suppress inculpatory statements. The four-paragraph brief provided absolutely no reason for the relief sought.
To demonstrate ineffective assistance of counsel, defendant must show (1) deficient performance by counsel, and (2) prejudice arising from counsel's deficient performance.State v. Bradley (1989), 42 Ohio St.3d 136, syllabus paragraph two; State v. Elliot (1993), 86 Ohio App.3d 792,795; State v. Lewis (Aug. 19, 1994), Trumbull App. No. 92-T-4687, unreported at pp. 3-4.
As a result of our review of the record, we find that defendant has failed to show deficient performance or prejudice from the representation provided by his counsel in the case at bar. Contrary to defendant's argument, counsel is not required to file futile motions or obtain rulings on all pending pretrial motions before negotiating a plea agreement. State v.Elliot, supra; State v. Lewis, supra.
The Lewis court rejected defendant's precise argument, stating in part as follows:
 where, as here, the record contains no evidence which would justify the granting of a motion to suppress, appellant has likewise failed to meet his burden of showing that his attorney's performance was deficient by his failing to proceed on the motion prior to appellant's pleading guilty. See State v. Morales (May 7, 1992), Cuyahoga App. No. 62075, unreported, at 15-16, ("* * * declining to obtain a ruling on a motion to suppress evidence prior to entering a no contest plea to the charges is within the realm of trial strategy and does not deprive defendant of effective assistance of counsel;"); State v. Kelly
(Oct. 25, 1990), Cuyahoga App. No. 57601. unreported, at 5, ("* * * given the strong presumption that counsel's performance constituted reasonable assistance, counsel's decision to pursue a favorable plea bargain, instead of pursuing a motion to suppress, must be viewed as a tactical decision and does not rise to the level of ineffective assistance.")
 Appellant has also failed to demonstrate that had the motion to suppress been heard and ruled upon, he would have insisted on going to trial. Appellant's argument necessarily turns on a finding that he had a meritorious argument had the motion been ruled upon. However, there are no facts to support this finding in the record before this court.
 Finally, a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. State v. Barnett
(1991), 73 Ohio App.3d 244. A guilty plea operates as a waiver of any claimed errors regarding suppression issues. State v. McMasters (July 20, 1992), Stark App. No. CA-8790, unreported, citing Huber Heights v. Duty (1985), 27 Ohio App.3d 244. See State v. Elliot (1993), 86 Ohio App.3d 792, 795, ("* * * a guilty plea constitutes a waiver of alleged errors by the trial court in not suppressing evidence.") This waiver applies in situations where a suppression motion has been withdrawn or denied, as well as where a defendant enters a knowing and voluntary plea of guilty before his motion to suppress is withdrawn or ruled upon.
Id. at pp. 3-4.
Defendant's argument ignores that if such motions are denied, this would further erode counsel's ability to negotiate a favorable settlement. Because the prosecution would know with certainty that all inculpatory evidence was admissible, the prosecution would have less incentive to permit the party to plead guilty to a lesser charge.
By negotiating a guilty plea to the lesser charge of burglary under R.C. 2911.12 (A) (1), defendant's second counsel cut ten years off the maximum sentence defendant faced upon conviction of aggravated burglary under R.C. 2911.11. Defendant specifically stated at the plea hearing that he was satisfied with his second counsel's performance. (Tr. 7.) Defendant admitted his factual guilt and made no protestations of innocence. Because defendant has produced nothing to show any likelihood of success on either motion, we are unable to find that counsel provided ineffective assistance.
Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment of error follows:
 THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF APPELLANT WHEN IT ACCEPTED APPELLANT'S PLEA WITHOUT INFORMING HIM THAT HE WAS NOT ELIGIBLE FOR PROBATION AS REQUIRED BY CRIM.R. 11 (C) (2) (a).
This assignment lacks merit.
Defendant contends that when the trial court took his plea it failed to comply with Crim.R. 11 (C), because it did not inform him that he was ineligible for probation.
The flaw in this argument, however, is that defendant has failed to show any reason why he was ineligible for probation. Former R.C. 2951.02 (F), which governed offenses committed before July 1, 1996, as in the case at bar, prohibited probation under six specified circumstances. See subsections (1) through (6). None of these statutory circumstances were present in the case at bar.
Thus, as noted by both the prosecutor and the trial judge, the offense of burglary was, in fact, probationable. Because defendant was eligible for probation, the trial judge was not required to misinform him to the contrary. Defendant's guilty plea was taken in full compliance with the requirements of Crim.R. 11.
Accordingly, defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE. P.J., and
MICHAEL J. CORRIGAN. J., CONCUR.
 _______________________ DIANE KARPINSKI JUDGE