IN RE DISQUALIFICATION OF CRAWFORD.

ELECTION SYSTEMS & SOFTWARE, INC. *v.* BLACKWELL.

[Cite as *In re Disqualification of Crawford,*
110 Ohio St.3d 1223, 2005-Ohio-7156.]

(No. 05–AP–097—Decided November 8, 2005.)

MOYER, C.J.

{¶ 1} Attorney Larry H. James—counsel for the defendant—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Dale Crawford from acting on any further proceedings in case No. 05–CVH–4855 in the Court of Common Pleas of Franklin County.

{¶ 2} James alleges that Judge Crawford is biased and prejudiced against defendant Blackwell because Blackwell recently sought a writ of prohibition from this court to prevent the judge from hearing the case in the trial court. This court denied Blackwell's request for a writ in September 2005, 106 Ohio St.3d 447, 2005-Ohio-5124, 835 N.E.2d 1232, and Judge Crawford has now filed a motion in the prohibition case asking this court to impose sanctions against Blackwell's attorneys. Judge Crawford's motion describes defendant Blackwell's effort to secure a writ of prohibition as frivolous. The judge's firm stance in the prohibition case opposing the legal position taken by defendant Blackwell in this court will prevent the judge from deciding fairly and impartially the case before him involving Blackwell, according to affiant James.

{¶ 3} Judge Crawford has responded to the affidavit. He contends that he holds "absolutely no bias or prejudice toward any party or litigant" in the case and states that he "can be totally fair in dealing with this matter in the future."

{¶ 4} I conclude that Judge Crawford should be disqualified from presiding over any further proceedings in the case before him involving defendant Blackwell. Although the judge's response to the affidavit conveys no hint of animosity toward any of the parties or their counsel, his motion for sanctions against Blackwell's attorneys in the prohibition case and his description of their legal stance as "the height of frivolous conduct" might reasonably cause an objective observer to harbor serious doubts about the judge's ability to weigh fairly and impartially any additional arguments that those same attorneys might offer on behalf of defendant Blackwell in the trial court. To be sure, the judge's own assessment of his impartiality is "certainly entitled to some weight," *In re Disqualification of Lewis,* 105 Ohio St.3d 1239, 2004-Ohio-7359, 826 N.E.2d 299, ¶ 11, but a judge should disqualify himself or herself in a proceeding "in which the judge's impartiality might reasonably be questioned." Canon 3(E)(1) of the Code of Judicial Conduct. I conclude that the proceeding before Judge Crawford is in fact one in which his impartiality could reasonably be questioned.

{¶ 5} Had the judge simply opposed defendant Blackwell's request for a writ of prohibition in this court, disqualification would probably not be required. The judge was not satisfied, however, with this court's decision denying Blackwell's requested writ. He has instead—with vitriolic language—taken the affirmative step of asking this court to impose financial sanctions against Blackwell's attorneys, describing their arguments as baseless and frivolous. Judge Crawford's quest to see that Blackwell's attorneys are punished financially for pursuing the prohibition case in this court would be apt to cause the reasonable and uninvolved observer to question the judge's ability to preside fairly and impartially over further trial proceedings involving defendant Blackwell.

{¶ 6} I have followed this same course in similar cases. See, e.g., *In re Disqualification of Sheward* (1996), 77 Ohio St.3d 1258, 1260, 674 N.E.2d 365 (judge whose comments reflected no bias or prejudice but could nonetheless "suggest to a reasonable person the appearance of prejudice" was disqualified "to ensure the parties' absolute confidence in the fairness" of the proceedings in his court); *In re Disqualification of Ruehlman* (1991), 74 Ohio St.3d 1229, 1230, 657 N.E.2d 1339 (judge's disqualification ordered "in the interest of avoiding even the appearance of any bias or prejudice").

{¶ 7} For the reasons stated above, Judge Dale Crawford is disqualified from further proceedings in the case before him involving defendant Blackwell. The case is returned to the administrative judge of the Franklin County Court of Common Pleas for reassignment.