IN RE DISQUALIFICATION OF FORCHIONE.

BERRY *v.* KINAST ET AL.

[Cite as *In re Disqualification of Forchione,* 135 Ohio St.3d 1266,

2013-Ohio-884.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's ruling striking*
*affiants' jury demand not shown to be product of bias or prejudice—*
*Judge's expression of frustration with affiants not sufficient to warrant*
*disqualification—Affidavit denied.*

(Nos. 13-AP-006 and 13-AP-007—Decided January 28, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Stark County Court of Common Pleas

Case No. 2011-CV-03120.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Steven J. Hupp and Ronald A. Margolis, counsel for defendants, have filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Frank G. Forchione from presiding over further proceedings in case No. 2011-CV-03120, a medical-malpractice and wrongful-death action now pending for trial in the Court of Common Pleas of Stark County.

**{¶ 2}** Hupp and Margolis allege that Judge Forchione is biased and prejudiced in favor of plaintiff because, at a January 22, 2013 oral hearing, he granted plaintiff's motion to strike defendants' jury demand. According to Hupp, Judge Forchione's decision was "baseless" and "fundamentally unfair" and violates his clients' constitutional rights to a jury trial. In addition, Margolis claims that Judge Forchione's "mannerisms, tone of voice and overall dismissal of constitutionally protected rights and applicable law" at the January 22 hearing

demonstrate that he lacks judicial objectivity. On January 24, 2013, Hupp and Margolis submitted a transcript of the January 22 oral hearing.

{¶ 3} Judge Forchione has responded in writing to the concerns raised in the affidavits. Judge Forchione explains that he granted plaintiff's motion to strike defendants' jury demand because the defense did not timely pay jury costs. He further asserts that at the January 22 oral hearing, he treated all attorneys in a professional and respectful manner.

{¶ 4} For the following reasons, no basis has been established to order the disqualification of Judge Forchione.

{¶ 5} First, contrary to affiants' assertions, it is well established that "[r]ulings that are adverse to a party in a pending case and with which a party disagrees or is dissatisfied are not grounds for disqualification, even if those rulings later are reversed on appeal." *In re Disqualification of Sheward*, 77 Ohio St.3d 1258, 1259, 674 N.E.2d 365 (1996), citing *In re Disqualification of Murphy,* 36 Ohio St.3d 605, 522 N.E.2d 459 (1988). An affidavit-of-disqualification proceeding addresses the narrow issue of the possible bias or prejudice of a judge, and "[i]t is not a vehicle to contest matters of substantive or procedural law * * *." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Accordingly, it is not within the scope of this proceeding to evaluate or review Judge Forchione's decision striking defendants' jury demand. The remedy for this and other legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 6} Second, the transcript from the January 22 hearing does not demonstrate that Judge Forchione is partial to plaintiff or that he has a bias against defendants or their counsel. To be sure, if a judge's words or actions convey the impression that the judge has developed a " 'hostile feeling or spirit of ill will,' " or if the judge has reached a " 'fixed anticipatory judgment' " that will prevent the

judge from hearing the case with " 'an open state of mind * * * governed by the law and the facts,' " then the judge should not remain on the case. *In re Disqualification of Hoover*, 113 Ohio St.3d 1233, 2006-Ohio-7234, 863 N.E.2d 634, ¶ 7, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Here, Judge Forchione expressed frustration with Margolis for failing to timely deposit jury costs and to timely file motions in limine, and Judge Forchione repeatedly stated that he was "disturbed" because the trial had already been continued once and one of the defendants had not made himself available for a deposition. But "[j]udges are certainly entitled to express dissatisfaction with attorneys' dilatory tactics inside and outside the courtroom," as long as that dissatisfaction is "expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary." *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10. Even if affiants are ultimately correct in that they could not timely deposit jury fees pursuant to the magistrate's scheduling order, nothing about the tone or nature of the judge's comments would cause a reasonable and objective observer to harbor serious doubts about the judge's impartiality. The transcript shows that Margolis and Judge Forchione strongly disagreed about when defendants should have deposited jury fees and that Judge Forchione was frustrated with what he perceived as defense counsel's dilatory tactics. But the transcript does not conclusively establish that Judge Forchione has a "hostile feeling or spirit of ill will" against the affiants mandating his disqualification.

{¶ 7} Moreover, Judge Forchione expressed similar frustration with plaintiff's counsel when he denied plaintiff's motion for leave to file an untimely motion for summary judgment ("It doesn't seem like it's fair to the defense to file this summary judgment. Again, I am getting concerned with things being filed past the deadlines"). And the judge admonished all counsel for failing to bring their clients to the hearing ("Nobody is taking this Court very seriously. That's

what I am starting to see"). These facts undercut affiants' claims that the judge exhibited partiality.

{¶ 8} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} For the reasons stated above, the affidavits of disqualification are denied. The case may proceed before Judge Forchione.

_____