IN RE DISQUALIFICATION OF WINKLER.

THE STATE OF OHIO *v.* CAMPBELL.

[Cite as *In re Disqualification of Winkler,* 135 Ohio St.3d 1271,

2013-Ohio-890.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's remarks at affiant's*
*sentencing hearing conveyed appearance of bias or prejudice—*
*Reasonable, objective observer might conclude that judge was hostile to*
*affiant—Affidavit granted—Judge disqualified from resentencing.*

(No. 12-AP-136—Decided February 6, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Common Pleas
Case No. B-0808031.

_____

O'CONNOR, C.J.

{¶ 1}   William A. Campbell, defendant in the underlying proceeding, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Ralph E. Winkler from presiding over any further proceedings in case No. B-0808031, pending for a resentencing hearing in the Court of Common Pleas of Hamilton County.

{¶ 2}   Campbell alleges that Judge Winkler should be disqualified from resentencing him because Judge Winkler made "biased and prejudiced" comments about Campbell at his initial sentencing.  In addition, Campbell claims that Judge Winkler voluntarily recused himself from another proceeding involving Campbell, which demonstrates that the judge "felt he was biased and prejudiced toward" Campbell.  Campbell further asserts that Judge Winkler has put him through "undue hardship" by failing to timely and properly rule on his

postconviction petition and ruling only after Campbell had filed a complaint for a writ of mandamus against the judge.

{¶ 3} Judge Winkler has responded in writing to the concerns raised in Campbell's affidavit. Judge Winkler denies any bias or prejudice against Campbell and explains that all of his comments about Campbell were based on evidence in the trial court record and presentence-investigation ("PSI") report. As the trial court judge, Judge Winkler believes that he is uniquely qualified to resentence Campbell and that any newly assigned judge would be required to read the court record to properly resentence him. Judge Winkler acknowledges that he recused himself from another proceeding involving Campbell, but he claims that he did so "out of fairness" and "to give [Campbell] a fresh start with a different Judge." Finally, Judge Winkler believes that Campbell is biased and prejudiced against him and the justice system and that Campbell treated him and court staff with "disdain and a lack of respect" during the trial court proceedings.

{¶ 4} Campbell's affidavit is well taken—not because Campbell has proven that Judge Winkler is personally biased or prejudiced against him, but because the circumstances here indicate that the judge's removal is necessary to "avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 10.

## Background

{¶ 5} In 2009, a jury convicted Campbell of operating a vehicle under the influence of alcohol ("OVI") and two counts of aggravated vehicular homicide: one count for OVI-based aggravated vehicular homicide and the other count for recklessness-based aggravated vehicular homicide. The jury acquitted Campbell on a charge of failing to comply with an order or signal of a police

officer. Judge Winkler imposed consecutive prison terms for each offense. *See State v. Campbell*, 1st Dist. No. C-090875, 2012-Ohio-4231, 978 N.E.2d 970, ¶ 2.

{¶ 6} At sentencing, Judge Winkler made the following comments:

I have had many jury trials over the years, and I have seen many jury trials worked in the courthouse since 1983. I would have to say that none of those trials – you were the most guilty person I have ever seen, so you are free to say you are not guilty. Ludicrous.

* * *

* * * The evidence indicated, pointed toward your total guilt on all the charges that you were found guilty of and actually pointed to your guilt on the charge that you were found not guilty of. So you were probably guilty of the count that the jury let you go on from the evidence I heard.

* * *

He has offenses of violence and a plethora of prior convictions showing he isn't just a drunk driver, that he is a mean person that assaults people and beats people up and bothers people and he has been pretty much a pestilence on society his whole life.

From what I can tell, he hasn't done much more than take up space and breathe oxygen. I can't find one good thing he has done in the PSI or one thing in his favor as a human being.

So with that in mind, I will pass a sentence based upon his life's work as a criminal, and I will pass a sentence based upon how he behaved in this case. He is a poster boy for DUI defendants, as far as I'm concerned. And people like Mr. Campbell prove to me for organizations like Mothers Against

Drunk Driving, he, through his life, has been a road terrorist who can't stop drinking and driving and hurting people.

* * * [T]his case calls for the maximum sentence possible under the law and I will pass gladly that sentence upon the defendant at this time.

* * *

The defendant must serve his actual term of 28 years in prison and not leave a day earlier than 28 years.

**{¶ 7}** Campbell unsuccessfully challenged his convictions in direct appeals to the appeals court and this court. But in February 2012, the appeals court granted Campbell's motion to reopen his direct appeal, and in September 2012, the appeals court vacated his sentences for the two counts of aggravated vehicular homicide, holding that they were allied offenses of similar import. The prosecution conceded that the trial court had erred in sentencing Campbell for the two charges.[1] The appeals court remanded the case to Judge Winkler for resentencing, which he has not yet scheduled.

**Waiver**

**{¶ 8}** In deciding previous affidavit-of-disqualification cases, the chief justice has explained that a party may be considered to have waived its objection to the judge when "the objection is not raised in a timely fashion and the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Here, Campbell knew about Judge Winkler's comments since his 2009 sentencing hearing, but he did not file the affidavit of disqualification until December 2012.

---

1. The appeals court rejected Campbell's additional claim that the OVI was an allied offense of either aggravated-vehicular-homicide conviction. *Campbell,* 2012-Ohio-4231, 978 N.E.2d 970, at ¶ 15.

However, during that time period, Campbell's various appeals were pending in the appeals court and this court, and the appeals court did not vacate his sentences and remand the matter for resentencing until September 2012. Thus, despite the fact that some of the alleged prejudicial conduct occurred years ago, Campbell has not waived his right to file this affidavit because he has only recently learned that the matter has returned to Judge Winkler for resentencing.

**Analysis**

**{¶ 9}** Because a sentencing judge must ordinarily explain the reasons for imposing a sentence, judicial comments during sentencing, even if disapproving, critical, or heavy-handed, do not typically give rise to a cognizable basis for disqualification. *See* Flamm, *Judicial Disqualification*, Section 16.4, 450-463 (2d Ed.2007). As other courts have explained, " '[i]t is the court's prerogative, if not its duty, to assess the defendant's character and crimes at sentencing, after * * * guilt has been decided.' " (Brackets and ellipsis sic.) *Connecticut v. Rizzo*, 303 Conn. 71, 128-129, 31 A.3d 1094 (2011), quoting *United States v. Pearson*, 203 F.3d 1243, 1278 (10th Cir.2000). "Furthermore, 'to a considerable extent a sentencing judge is the embodiment of public condemnation and * * * [a]s the community's spokesperson * * * can lecture a defendant as a lesson to that defendant and as a deterrent to others.' " (Brackets and ellipses sic.) *Id.* at 129, quoting *United States v. Bakker*, 925 F.2d 728, 740 (4th Cir.1991). As the United States Supreme Court has explained:

> The judge who presides at trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are

indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Liteky v. United States*, 510 U.S. 540, 550-551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Accordingly, a trial judge's harsh comments to a defendant during sentencing will not ordinarily lead to disqualification.

{¶ 10} Nonetheless, in previous affidavit-of-disqualification proceedings under R.C. 2701.03, the chief justice has also explained that if a judge's words or actions convey the impression that the judge has developed a " 'hostile feeling or spirit of ill will,' " or if the judge has reached a " 'fixed anticipatory judgment' " that will prevent the judge from hearing the case with " ' an open state of mind * * * governed by the law and the facts,' " then the judge should not remain on the case. *In re Disqualification of Hoover*, 113 Ohio St.3d 1233, 2006-Ohio-7234, 863 N.E.2d 634, ¶ 7, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956) (setting forth the definition of bias and prejudice). Further, Jud.Cond.R. 2.8(B) mandates that judges be "patient, dignified, and courteous" towards litigants. Thus, a judge, "notwithstanding the conduct of litigants or counsel, has an ethical obligation to conduct himself or herself in a courteous and dignified manner that does not convey the appearance of bias or prejudice toward litigants or their attorneys." *In re Disqualification of Cleary*, 88 Ohio St.3d 1220, 1222-1223, 723 N.E.2d 1106 (2000), citing Canon 3(B)(4) and (5) of the former Code of Judicial Conduct (superseded by Canon 2, effective Mar. 1, 2009).

{¶ 11} Here, Judge Winkler's comments have crossed the line between acceptable sentencing comments about a defendant's character and comments that convey the appearance of bias or prejudice. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable

6

and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Judge Winker's descriptions of Campbell might reasonably cause an objective observer to question whether he has developed hostile feelings toward Campbell and whether he may be able to weigh fairly and impartially any arguments Campbell may offer on resentencing. Similarly, an objective observer who has read the affidavit and the judge's response might reasonably question whether Judge Winkler can now set aside his seemingly fixed views about Campbell and resentence him according to the law and facts.

{¶ 12} In addition, other unique facts in the record support the conclusion that an appearance of impropriety exists. For example, Judge Winkler's response to the affidavit shows no recognition that a reasonable person may view his comments as undignified or derogatory. Had Judge Winkler acknowledged that his statements were harsh, but still affirmed his ability to impartially resentence Campbell, the outcome here may have been different. Instead, Judge Winkler's response suggests that he is not able to view his conduct objectively. In addition, Judge Winkler failed to respond to Campbell's allegations regarding the judge's refusal to timely and properly rule on Campbell's postconviction petition. *See, e.g.*, *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 9 ("the statements sworn to by the affiant, and unchallenged by the judge, could suggest to a reasonable person the appearance of impropriety").

{¶ 13} Accordingly, on this record, Judge Winkler's impartiality could reasonably be questioned and disqualification is necessary to avoid an appearance of impropriety. The chief justice has followed the same course in similar cases. *See, e.g.*, *In re Disqualification of Crawford*, 110 Ohio St.3d 1223, 2005-Ohio-7156, 850 N.E.2d 724, ¶ 5 (a judge's "vitriolic language," among other things, might "cause the reasonable and uninvolved observer to question the judge's ability to preside fairly and impartially over further trial proceedings"); *In re*

*Disqualification of Hoover*, 113 Ohio St.3d 1233, 2006-Ohio-7234, 863 N.E.2d 634, ¶ 8 ("The judge's own words might very well cause a reasonable and objective observer to wonder how and whether a judge who could pen such a lengthy diatribe against an attorney could later sit fairly and impartially on cases involving the same attorney"); *In re Disqualification of Sheward*, 77 Ohio St.3d 1258, 1260, 674 N.E.2d 365 (1996) (when comments by judge reflected no actual bias or prejudice but could nonetheless "suggest to a reasonable person the appearance of prejudice," judge was disqualified to "ensure the parties' absolute confidence in the fairness" of the proceedings); *In re Disqualification of Ruehlman*, 74 Ohio St.3d 1229, 1230, 657 N.E.2d 1339 (1991) (a judge's disqualification ordered "in the interest of avoiding even the appearance of any bias or prejudice"); *In re Disqualification of Maschari*, 88 Ohio St.3d 1212, 1213, 723 N.E.2d 1101 (1999) (a unique "combination of factors" cited by the affiant is sufficient to create an appearance of impropriety mandating disqualification).

{¶ 14} It is important to reiterate that Campbell has not established that Judge Winkler has an actual, personal bias against him, and reassignment of the case to a new judge does not imply that any unethical conduct occurred. However, the nature and extent of Judge Winkler's comments, along with the other facts in the record, make it necessary to appoint a different trial judge to conduct the new sentencing hearing. As this court has long stated, "[i]t is of vital importance that the litigant should believe that he will have a fair trial." *State ex rel. Turner v. Marshall*, 123 Ohio St. 586, 587, 176 N.E. 454 (1931). And while Judge Winkler is correct in stating that any newly assigned judge will be required to review the trial court record to properly sentence Campbell, the gain in preserving the appearance of propriety outweighs the countervailing considerations of duplicated effort. *See United States v. Navarro-Flores*, 628 F.2d 1178, 1185 (9th Cir.1980).

{¶ 15} For the reasons stated above, the affidavit of disqualification is granted, and it is ordered that Judge Ralph E. Winkler participate no further in the underlying proceeding. The case is returned to the administrative judge of the Hamilton County Court of Common Pleas for reassignment.

{¶ 16} In addition, in accordance with R.C. 2951.03(D) and Sup.R. 45(E), it is ordered that Campbell's presentence-investigation report, which was attached to Judge Winkler's response to the affidavit of disqualification, shall be placed under seal by the clerk of this court.

_____