IN RE DISQUALIFICATION OF HUFFMAN.

THE STATE OF OHIO *v.* LEET.

[Cite as *In re Disqualification of Huffman,* 135 Ohio St.3d 1296,

2013-Ohio-1615.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's comments at affiant's sentencing hearing did not demonstrate the appearance of bias or prejudice—No reasonable and well-informed observer would harbor serious doubts about judge's impartiality or question judge's ability to preside fairly over the new trial—Affidavit denied.*

(No. 13-AP-024—Decided April 2, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Montgomery County

Court of Common Pleas Case No. 2010-CR-00635.

_____

O'CONNOR, C.J.

{¶ 1} Gregory Leet, the defendant in the underlying proceeding, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Mary Katherine Huffman from presiding over any further proceedings in case No. 2010-CR-00635, now pending for a new trial in the Court of Common Pleas of Montgomery County.

{¶ 2} Leet alleges that during his first trial, Judge Huffman exhibited bias against him in "the manner in which she treated the State's witnesses as opposed to the way she treated [Leet's] witnesses." Leet also asserts that Judge Huffman's comments at his initial sentencing hearing show her belief that he is "racist" and "clearly guilty of the charges." Based on these comments, Leet does not believe that Judge Huffman can set aside her feelings against him and preside fairly and impartially over his new trial.

**{¶ 3}** Judge Huffman has responded in writing to the allegations in Leet's affidavit and has submitted a video of the initial sentencing hearing. Judge Huffman disclaims any bias against Leet and further explains that her comments at the initial sentencing hearing were made after the jury found Leet guilty and while she was considering the seriousness of his conduct and the likelihood of recidivism, as required by R.C. 2929.12.

**{¶ 4}** For the following reasons, no basis has been established to order the disqualification of Judge Huffman.

**{¶ 5}** First, Leet has failed to substantiate his claim that Judge Huffman treated his witnesses differently from the way she treated the state's witnesses. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence and argument demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). Here, Leet has not identified these alleged witnesses or explained how Judge Huffman treated them differently. Vague or unsubstantiated allegations—such as those here—are insufficient to establish bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988). *See also In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4 ("An affidavit must describe with specificity and particularity those facts alleged to support the claim of bias or prejudice").

**{¶ 6}** Second, Judge Huffman's sentencing comments do not demonstrate a bias or prejudice mandating disqualification. Because a sentencing judge must ordinarily explain the reasons for imposing a sentence, judicial comments during sentencing, even if disapproving, critical, or heavy-handed, do not typically give rise to a cognizable basis for disqualification. *See* Flamm, *Judicial Disqualification*, Section 16.4, 450-463 (2d Ed.2007). As other courts have explained, " '[i]t is the court's prerogative, if not its duty, to assess the defendant's character and crimes at sentencing, after * * * guilt has been decided.' " *Connecticut v. Rizzo*, 303 Conn. 71, 128-129, 31 A.3d 1094 (2011),

quoting *United States v. Pearson*, 203 F.3d 1243, 1278 (10th Cir.2000), *cert. denied,* 530 U.S. 1268, 120 S.Ct. 2734, 147 L.Ed.2d 995 (2000). "Furthermore, '[t]o a considerable extent a sentencing judge is the embodiment of public condemnation and * * * [a]s the community's spokesperson * * * can lecture a defendant as a lesson to that defendant and as a deterrent to others.' " *Id.*, quoting *United States v. Bakker*, 925 F.2d 728, 740 (4th Cir.1991). As the United States Supreme Court has explained:

> The judge who presides at trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Liteky v. United States*, 510 U.S. 540, 550-551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Accordingly, a trial judge's harsh comments to a defendant during sentencing will not ordinarily lead to disqualification.

{¶ 7} On the other hand, there are circumstances in which a judge's disqualification is necessary to avoid an appearance of impropriety. *See In re Disqualification of Winkler*, 135 Ohio St.3d 1271, 2013-Ohio-890, __ N.E.2d __, ¶ 11-14 (appearance of impropriety created by judge's sentencing comments). Leet has not established that Judge Huffman's comments create an appearance of partiality. During the initial sentencing hearing, Judge Huffman stated that Leet's conduct was "racially motivated" and that Leet has "disdain for people who have a skin color different" from his. She also commented on Leet's lack of remorse,

saying "You absolutely take no responsibility for your behavior" and "[Y]ou don't seem to care about any human life but your own." Judge Huffman explains that she made these comments based on testimony she heard during the trial, after the jury found Leet guilty, and in consideration of the seriousness and recidivism factors listed in R.C. 2929.12. *See also* R.C. 2929.12(B)(8) (sentencing court shall consider whether offender was motivated by prejudice based on race) and 2929.12(D)(5) (sentencing court shall consider whether offender shows genuine remorse for offense). Judge Huffman also avers that she understands that Leet is "entitled to a new trial and that he is clothed in the presumption of innocence." Based on this record, no reasonable and well-informed observer would harbor serious doubts about Judge Huffman's impartiality or question her ability to put aside her previous opinions and preside fairly over the new trial. *See In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8.

{¶ 8} In conclusion, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Leet's speculation about Judge Huffman's prejudice is insufficient to overcome these presumptions.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Huffman.

_____