IN RE DISQUALIFICATION OF BROWN.

STATE *v.* WILLIAMS.

[Cite as *In re Disqualification of Brown,* 139 Ohio St.3d 1224,

2014-Ohio-2154.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Absent evidence of bias or prejudice, an affidavit of disqualification cannot be used to remove a judge from resentencing a defendant solely because the judge previously imposed the maximum sentence permitted by law—Disqualification denied.*

(No. 14-AP-022—Decided April 9, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Stark County Court of Common Pleas Case No. CR 2012-CR-0164.

————————————

**O'CONNOR, C.J.**

{¶ 1} Defendant Agatha Martin Williams has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Charles E. Brown Jr., a retired judge sitting by assignment, from presiding over any further proceedings in case No. 2012-CR-0164, now pending for resentencing in the Court of Common Pleas of Stark County.

{¶ 2} Williams claims that Judge Brown is biased and prejudiced against her because she is personally acquainted with him, he has developed hostile feelings towards her, and he has reached a fixed anticipatory judgment about her sentence.

{¶ 3} Judge Brown has responded in writing to the allegations in Williams's affidavit, denying any bias or prejudice against her. He further avers

that he will listen to all arguments by counsel at the resentencing and decide, based upon what he hears, the appropriate sentence.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Brown.

## Background

{¶ 5} In February 2012, Williams pled guilty to one count of forgery, four counts of grand theft, and one count of theft. Judge Brown sentenced her to five years of probation. Williams later violated the conditions of her probation, and in October 2012, Judge Brown sentenced her to the maximum prison sentence for each count, to be served consecutively, which amounted to eight and a half years in prison. In August 2013, the Fifth District Court of Appeals reversed and remanded for resentencing, finding that Judge Brown did not make all of the statutorily required findings necessary for the imposition of consecutive sentences. *See State v. Williams*, 5th Dist. Stark No. 2013CA00189, 2013-Ohio-3448, ¶ 32, 39.

{¶ 6} Judge Brown retired from the bench in September 2013, but he was assigned to preside over the underlying case for the purpose of resentencing. On February 7, 2014, Judge Brown held a hearing, during which he intended to resentence Williams. However, Williams's counsel requested a continuance, claiming that he had not had adequate time to confer with his client or prepare for the hearing. Judge Brown granted the continuance, and Williams then filed this affidavit of disqualification.

## Merits of the affidavit of disqualification

{¶ 7} In affidavit-of-disqualification proceedings, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re*

*Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). The burden falls on the affiant to submit specific allegations of bias or prejudice. *See* R.C. 2701.03(B)(1). In addition, a "presumption of impartiality" is "accorded all judges." *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7.

{¶ 8} Williams first claims that Judge Brown is biased against her because he recruited her to run for political office and contributed to her 2001 campaign for judicial office. Judge Brown, however, disclosed his prior political association with Williams on the record at her February 2012 plea hearing, and he gave both parties the opportunity at that time to request his recusal. Williams agreed to move forward with Judge Brown presiding. It is well settled that "[a] party may be considered to have waived its objection to the judge when the objection is not raised in a timely fashion and the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Moreover, the fact that Williams did not request Judge Brown's recusal at the commencement of her case suggests that she did not previously believe that her prior political connections with him amounted to bias or prejudice. Parties are not permitted to participate in an action to the extent that they are able to ascertain the attitude of the judge toward a pending aspect of the case "and then avoid an adverse ruling by belatedly raising the issue of disqualification." *In re Disqualification of Murphy*, 36 Ohio St.3d 605, 522 N.E.2d 459 (1988). Williams has waived this objection to Judge Brown.

{¶ 9} Second, Williams claims that Judge Brown has developed "hostile feelings" and "ill will" towards her, pointing to the judge's comments at her October 2012 sentencing after the revocation of her probation. Specifically, Williams claims that Judge Brown compared her to repeat drug offenders and

stated that the reason he was not giving her a second chance was because she was an attorney. Williams also claims that Judge Brown "bragged" about his nickname as "Send Them Down Brown." In response, Judge Brown has submitted a transcript of the October 2012 sentencing hearing, in which he stated the following.

> So why am I doing all this? Because I have got to tell you all this isn't the first time that I have heard someone come to me and say judge, just give me another chance.
>
> * * *
>
> Everybody also knows that while I do take into consideration each and every case, I'm also known as send them down Brown. Violate the terms and conditions of your probation, the judge has told you at the outset what it will be if he finds that revocation is the appropriate remedy and I did that in Ms. Williams's case.
>
> And everyone knows five counts of F4, one court of F5, [Williams's counsel] has alluded I told her at the time it would be the maximum on each, it would be run consecutively, 102 months which is eight years and six months. Individuals come to me 19 years of age, 35 years of age, 45 years of age, had prior brushes with the law, possession of cocaine, trafficking in cocaine, domestic violence, they have said judge, give me a shot. I think I can make probation. They come back. Give me another chance, judge. Doesn't happen that way.
>
> Particularly does not happen when you're an attorney.

**{¶ 10}** "Because a sentencing judge must ordinarily explain the reasons for imposing a sentence, judicial comments during sentencing, even if disapproving, critical, or heavy-handed, do not typically give rise to a cognizable basis for disqualification**.**" *In re Disqualification of Winkler*, 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996, ¶ 9. Here, Judge Brown's comments appear to describe his sentencing philosophy, and they do not indicate any personal hostility or ill will against Williams warranting his disqualification. *Compare id.* at ¶ 11 (disqualifying trial judge from resentencing a defendant because, among other reasons, the judge's description of the defendant at the initial sentencing might have caused an objective observer to question whether the judge had developed hostile feelings toward that defendant). Accordingly, Williams's allegations of bias based on these comments are not well taken.

**{¶ 11}** Third, Williams claims that Judge Brown expressed a "fixed anticipatory judgment" at the February 2014 hearing because he was prepared to resentence Williams to maximum and consecutive sentences without hearing any evidence. Judge Brown has again submitted the transcript of that hearing, and Williams is correct that Judge Brown stated that he was prepared to resentence Williams without hearing any additional evidence. However, the judge's comments were based on his reading of the Fifth District's opinion, not bias or prejudice against Williams. That is, Williams's counsel had argued that since imposition of the initial sentence, circumstances in Williams's life had changed and these circumstances were relevant to the "new sentence" that the judge was required to impose. But Judge Brown believed that the court of appeals had ordered him to make certain findings to support his sentence, not to consider new evidence—especially evidence about Williams's behavior since the imposition of the original prison sentence.

**{¶ 12}** Whether Judge Brown properly interpreted the Fifth District's opinion is an issue for appeal, not for an affidavit of disqualification. Williams's

dissatisfaction or disagreement with the judge's legal interpretation—even if later found to be erroneous—does not constitute bias or prejudice. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Accordingly, the judge's comments at the February 2014 hearing are not grounds for disqualification.

{¶ 13} Finally, in her affidavit, Williams criticizes Judge Brown's alleged "frontier style of max/stack justice," in which she claims that he imposes maximum and consecutive sentences on defendants without taking into account the individual circumstances of each case. If Williams believes that Judge Brown committed legal error by not taking into account all of the relevant factors in her case, she should have raised—or should raise in the future—those issues on appeal. Absent evidence of bias or prejudice, an affidavit of disqualification cannot be used to remove a judge from resentencing a defendant solely because the judge previously imposed the maximum sentence permitted by law. *See* Flamm, *Judicial Disqualification,* Section 31.3, 946-947 (2d Ed.2007).

{¶ 14} For the reasons explained above, the affidavit of disqualification is denied. The case may proceed before Judge Brown.

### Motion to access for legal research/library

{¶ 15} Williams has also filed a "Motion For Defendant's Access To Legal Research/Library," in which she requests that the chief justice do one of the following: (1) order the Stark County sheriff to convey her back to prison, (2) order the sheriff to allow her access to a law library for a minimum of two hours per weekday, or (3) set a reasonable bond allowing her to be released from jail. However, Article IV, Section 5(C) of the Ohio Constitution and the relevant statutory provisions enacted pursuant to that provision limit the authority of the chief justice to passing on the matter of judicial disqualification and, if necessary, assigning a replacement judge. *In re Disqualification of Celebrezze,* 74 Ohio St.3d 1242, 1243-1244, 657 N.E.2d 1348 (1992). It is beyond the constitutional

and statutory authority given to the chief justice in affidavit-of-disqualification proceedings to issue the relief requested by Williams. Williams's motion is therefore denied.

————————————