O'Connor, C.J.
*1262 {¶ 1} Albert L. Purola, counsel for the defendant, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Vincent A. Culotta from presiding over any further proceedings in the above-referenced case, now pending on the defendant's petition for postconviction relief.
{¶ 2} Mr. Purola claims that at the defendant's sentencing, Judge Culotta made several comments that demonstrate bias against the defendant and that he will *1190 be unable to impartially weigh the evidence in her postconviction petition.
{¶ 3} Judge Culotta has responded in writing to the affidavit and denies any bias against the defendant. The judge further states that his challenged sentencing comments were made in the context of weighing the appropriate sentencing *1263 factors and to establish a record to support the defendant's sentence. The judge does not believe that his comments support a claim of judicial bias.
{¶ 4} "It is well settled that a judge who presided at trial will not be disqualified from hearing a petition for postconviction relief in the absence of evidence of bias, prejudice, or a disqualifying interest." In re Disqualification of Nastoff , 134 Ohio St.3d 1232, 2012-Ohio-6339, 983 N.E.2d 354, ¶ 9. Here, Judge Culotta's challenged sentencing comments do not demonstrate a bias or prejudice mandating disqualification. "Because a sentencing judge must ordinarily explain the reasons for imposing a sentence, judicial comments during sentencing, even if disapproving, critical, or heavy-handed, do not typically give rise to a cognizable basis for disqualification." In re Disqualification of Huffman , 135 Ohio St.3d 1296, 2013-Ohio-1615, 987 N.E.2d 689, ¶ 6. Judge Culotta's comments were not so personal that they established a sense of hostility or animosity toward the defendant. See, e.g. , In re Disqualification of Winkler , 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996 (disqualifying a judge from resentencing a defendant because the judge made a series of disparaging remarks about the defendant at the initial sentencing, that could have caused an objective observer to question whether the judge had developed hostile feelings toward the defendant and whether the judge could fairly weigh any arguments the defendant may offer on resentencing). Judge Culotta's comments appear to have been based not on any extrajudicial source but on his interpretation of the record. See, e.g. , In re Disqualification of Sutula , 149 Ohio St.3d 1219, 2016-Ohio-8599, 74 N.E.3d 449 (disqualifying a judge from resentencing a defendant because the judge, among other things, appeared to rely on extrajudicial information to support her initial sentence).
{¶ 5} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Culotta.