[Cite as *State v. Cemino*, 2011-Ohio-5690.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee                  :        C.A. CASE NO.    24442

v.                                      :        T.C. NO.    10CR2336

MICHAEL J. CEMINO                       :        (Criminal appeal from
                                                 Common Pleas Court)
    Defendant-Appellant                 :

                                        :

     . . . . . . . . . .

**O P I N I O N**

Rendered on the ___4th___ day of ___November___, 2011.

     . . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JOSE M. LOPEZ, Atty. Reg. No. 0019580, 18 East Water Street, Troy, Ohio 45373

     Attorney for Defendant-Appellant

     . . . . . . . . . .

FROELICH, J.

{¶ 1} On August 6, 2010, Defendant-appellant Michael Cemino was indicted for felonious assault, kidnapping, and rape of his wife and one count of kidnapping a child under the age of thirteen. Cemino pled guilty to felonious assault, and the remaining counts were dismissed. The trial court sentenced

Cemino to six years in prison.    Cemino appeals his sentence.

I

{¶ 2}   Cemino's First Assignment of Error:

{¶ 3}   "THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW IN ITS SENTENCING OF MICHAEL J. CEMINO AS IT FAILED TO PROPERLY CONSIDER THE RECORD AND ALL MITIGATING FACTORS IN R.C. 2929.11 AND 2929.12."

{¶ 4}   In his first assignment of error, Cemino argues that the trial court abused its discretion in imposing a six-year prison sentence without considering the overriding purposes of felony sentencing set forth in R.C. 2929.11 or the seriousness and recidivism factors enumerated in R.C. 2929.12.   Specifically, Cemino insists that the trial court abused its discretion by relying on evidence not in the record in finding that the victim had suffered from vision and hearing loss, when "the medical records reflected the victim suffered only facial contusions and no other serious injuries."

{¶ 5}   In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶13, the Ohio Supreme Court set forth a two-step procedure for reviewing felony sentences. First, "an appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence.   As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).   If on appeal the trial court's sentence is, for example, outside the permissible statutory range, the sentence is clearly and convincingly contrary to law."   Id. at ¶¶14-15.   "If this first

step is satisfied, the second step requires that the trial court's decision be reviewed under an abuse-of-discretion standard." Id. An abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. "[I]n the felony sentencing context, '[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and R .C. 2929.12.'" *State v. Hardin-Moore,* Montgomery App. No. 24237, 2011-Ohio-4666, ¶14, quoting *State v. Jordan,* Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶12.

{¶ 6} "After [*State v.*] *Foster,* [109 Ohio St.3d 1, 2006-Ohio-856,] trial courts are not required to make any findings or give reasons before imposing any sentence within the authorized statutory range, including maximum, consecutive, or more than minimum sentences, *Foster,* syllabus at ¶ 7. Courts, nevertheless, are still required to comply with the sentencing laws unaffected by *Foster,* such as R.C. 2929.11 and 2929.12 which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. *State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855. However, a sentencing court does not have to make any specific findings to demonstrate its consideration of those general guidance statutes. *Foster* at ¶ 42; *State v. Lewis,* Greene App. No. 06 CA 119, 2007–Ohio–6607. And, where the record is silent, a presumption exits that the trial court has considered the factors. *State v. Adams* (1988), 37 Ohio St.3d 295, 297, 525 N.E.2d 1361. Further, where a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors. *State v. Taylor* (1992), 76 Ohio App.3d

835, 839, 603 N.E.2d 401; *State v. Crouse* (1987), 39 Ohio App.3d 18, 20, 528 N.E.2d 1283. Consequently, the appellant has an affirmative duty to show otherwise." *State v. Ramey,* Clark App. No. 2010 CA 19, 2011-Ohio-1288, ¶47.

{¶ 7} Cemino was convicted of Felonious Assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, which carries a possible prison term of two to eight years. R.C. 2929.14(A)(2). The trial court imposed a six-year sentence, which falls within the prescribed statutory range.

{¶ 8} The trial court afforded defense counsel and the prosecutor an opportunity to be heard, and the court allowed Cemino to make a statement before imposing sentence. Although not required to do so, the trial court offered an extensive explanation at the sentencing hearing for imposing a six-year sentence on Cemino. The court explained, "You did something ugly, nasty, despicable and disgusting to [your wife] * * * And you need to think about how disgusting your behavior is." The court read from the victim's letter to the court, in which the victim expressed her mental turmoil over her husband's actions. Cemino's wife explained that she has vision and hearing loss, and scars in her throat, which the trial court believed to be true in light of the nature of the beating Cemino inflicted upon his wife. The court stated that Cemino's behavior demonstrates that he is a man who belongs in prison; he is "a man who does not know control."

{¶ 9} The court also explained that Cemino's actions demonstrate an escalation in violence over time, stating "I find as a matter of law that his behavior escalates in violence, beginning with the abduction of a little girl who was caught before anything or - - or he was found out and he was caught before anything

happened and then we escalate and go into this terrible, terrible action that occurred on that night." Cemino had misdemeanor convictions for criminal damaging and driving under the influence, and he had been released from prison on an unrelated conviction for attempted abduction just the week before the felonious assault.

{¶ 10} Cemino contends that the trial court abused its discretion by making a factual error when the court found that the victim suffered from permanent vision and hearing loss. Cemino made no explicit objection to his sentence, although he did ask the trial court for an explanation of why it imposed a six-year sentence. We will view this as sufficient to have preserved Cemino's right to appeal his sentence.

{¶ 11} In support of his claim that the trial court abused its discretion, Cemino insists that the medical records from the night of the assault indicate that the victim "had facial contusions and no other serious injuries." However, as the State points out, those were not the only medical records, nor were facial contusions the only evidence of injury to the victim. There were photographs not only of the facial contusions, but also of cuts to the victim's mouth and the inside of her throat, as well as cuts and bruises on her arm and other parts of her body. Additionally, the victim exhibited swelling to both sides of her head and distorted vision.

{¶ 12} Contrary to Cemino's assertion, there was ample evidence from which the trial court could reasonably conclude that the victim had suffered from vision

and hearing loss. Prior to imposing sentence, the trial court considered[1] the December 1, 2010 victim impact statement and the victim's November 9, 2010 letter to the court, both of which were included in the pre-sentence investigation report, and both of which indicate that the victim suffered from vision and hearing loss. A trial court may consider the contents of a pre-sentence investigation report when imposing sentence. See, e.g., *State v. Saunders,* Greene App. No. 2009 CA 82, 2011-Ohio-391, ¶29, citations omitted.

{¶ 13} Furthermore, in imposing sentence a trial court may consider other charges filed against a defendant that were dismissed as part of a plea agreement. *State v. Williams,* Montgomery App. No. 19026, 2002-Ohio-2908, citing *State v. Wiles* (1991), 59 Ohio St.3d 71, 78. In exchange for Cemino's guilty plea to the felonious assault charge, the State agreed to dismiss three additional felony charges against Cemino: two counts of kidnapping and one count of rape.

{¶ 14} We conclude that Cemino's sentence is not contrary to law and that the trial court did not abuse its discretion in imposing a six-year sentence. Cemino's first assignment of error is overruled.

II

{¶ 15} Cemino's Second Assignment of Error:

{¶ 16} "MICHAEL J. CEMINO'S SENTENCE WAS PREJUDICIALLY INFLUENCED BY JUDICIAL HOSTILITY AND/OR BIAS TO THE POINT OF VIOLATING HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND TO BE

---

[1] The court quoted extensively from the letter sent by the victim.

FREE OF CRUEL AND UNUSUAL PUNISHMENT UNDER THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION."

{¶ 17} Cemino concludes in his second assignment of error that since his sentence was not supported by the record, it must have been "based merely upon prejudice and bias" against him. "Judicial bias is defined as 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and facts.'" *State v. Miller,* Lucas App. No. L-08-1314, 2009-Ohio-3908, ¶20, quoting *State v. LaMar,* 95 Ohio St.3d 181, 2002-Ohio-2128, ¶34. "A trial judge is 'presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity.' *Weiner v. Kwiat,* [Montgomery App.] No. 19289, 2003-Ohio-3409, ¶90, quoting *Eller v. Wendy's Internatl., Inc.* (2000), 142 Ohio App.3d 321, 340 * * *." Id., at ¶21. "[T]he appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶5.

{¶ 18} As evidence of the trial court's alleged bias, Cemino insists that "the trial court not only scolded Appellant and his counsel in open court on a number of occasions but, in addition, handed down an excessive sentence based upon medical evidence unsupported by the record." We have already concluded above that Cemino's sentence was not excessive and that the trial court's finding that

Cemino's wife had suffered from vision and hearing loss was supported by the record.

{¶ 19} Cemino points to only two specific instances of so-called scolding. When Cemino's attorney asked why his client was being given more than a minimum sentence, the court explained, "Your client doesn't deserve the minimum sentence. You - - he doesn't - - you don't need to raise your eyebrows. He's been sentenced to prison before. I know what that was about. And he would not admit to what he did and what he did was awful.

{¶ 20} "Don't shake your head. What you did was awful and I read that last report. I read it. We lived through it. You wouldn't admit to what you did. You just got out of prison. You - - and then as soon as you get out of prison you do this awful act. He does not need the minimum sentence. And I don't have to impose that based upon the kind of injuries that this lady suffered."

{¶ 21} The trial court's brief directives do not indicate either hostility toward Cemino or favoritism toward the State; nor do they show that the trial court "specifically verbalize[d] personal bias or prejudice." *Miller,* supra, at ¶21, citation omitted. The admonishments may have been intended to preserve for the record what the trial court deemed to be the inappropriate actions of Cemino and his attorney. The statements do not amount to compelling evidence of bias, and they are insufficient to overcome the presumption of trial court integrity.

{¶ 22} Additionally, Cemino states "the trial court also acknowledged on the record it had considered Appellant's prior criminal offense in determining Appellant's sentence in this matter." He implies that a trial court is not permitted to

consider a defendant's criminal record when sentencing him on a new conviction. To the contrary, as the trial court explained, a defendant's criminal history is highly relevant to the issue of his likelihood for future recidivism. R.C. 2929.12(D).

{¶ 23} In short, Cemino disagrees with the sentence that the trial court imposed. However, a party's disagreement or dissatisfaction with a trial court's ruling, without more, does not constitute bias or prejudice. *In re Disqualification of Aubry,* 117 Ohio St.3d 1245, 2006-Ohio-7231, ¶9, citation omitted.

{¶ 24} Cemino's second assignment of error is overruled.

III

{¶ 25} Having overruled both of Cemino's assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Johnna M. Shia
Jose M. Lopez
Hon. Frances E. McGee