IN RE DISQUALIFICATION OF SUTULA.

THE STATE OF OHIO *v.* KEITH.

2016-Ohio-8599.]

(No. 16–AP–065—Decided August 25, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant, Davonne Keith, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Kathleen Ann Sutula from presiding over any further proceedings in the above-captioned criminal cases.

{¶ 2} The Eighth District Court of Appeals vacated Keith's sentences and remanded to Judge Sutula for resentencing. *See State v. Keith,* 8th Dist. Cuyahoga Nos. 102981, 103006, and 103009, 2016-Ohio-3056, 2016 WL 2941212. Keith claims that Judge Sutula should be disqualified from resentencing him because of her comments and conduct at the initial sentencing, which he believes evidences her bias against him.

{¶ 3} Judge Sutula has responded in writing to the affidavit, requesting that it be denied.

{¶ 4} For the reasons explained below, the affidavit is well taken and a new judge must be assigned to resentence Keith.

{¶ 5} First, Keith avers that during his sentencing hearing, his parents stepped out of the courtroom and Judge Sutula commented that Keith's "gang members" had left. Judge Sutula believes that Keith has taken her "isolated comment far out of context." Yet Judge Sutula fails to provide any context for her remark about the defendant's parents. The judge submitted a transcript of the sentencing hearing, but the transcript does not explain why she described Keith's parents as gang members. The transcript merely shows that in the middle of listing her reasons for imposing consecutive sentences, she stated to Keith: "I think your gang members just left." The Code of Judicial Conduct directs that judges should be patient, dignified, and courteous to litigants and others in their courtrooms and should refrain from using words that might manifest bias or prejudice. *See* Jud.Cond.R. 2.8(B) and 2.3(B). Here, Judge Sutula has failed to provide any plausible explanation for making this comment about Keith's parents. *See In re Disqualification of Floyd,* 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 9 ("the statements sworn to by the affiant, and unchallenged by the judge, could suggest to a reasonable person the appearance of impropriety").

{¶ 6} Second, Keith avers that while sentencing him, Judge Sutula held up a magazine and made connections between Keith's crimes and an article in the magazine that highlighted individual lives harmed by heroin use. For her part, Judge Sutula states that she shares the article with drug addicts and their families because it describes the harm caused to the local community by the drug trade, particularly heroin. The judge further states that the sentencing transcript "fully explain[s]" her reference to the magazine article and her concern that "Keith's crimes fuel the scourge of the heroin epidemic." The transcript, however, does not fully explain Judge Sutula's reference to the magazine article during Keith's sentencing.

{¶ 7} The transcript shows that defense counsel, Jeff Saffold, questioned the basis for Judge Sutula's sentence and the following exchange occurred:

> MR. SAFFOLD: If you add up all the heroin in this case, you get less than 50 grams total.
>
> THE COURT: Mr. Saffold, I am not stupid. I know that dealers do not carry around their entire supply with them. I know that they have stash houses and places to put it. It doesn't matter.

> If he destroyed one of these lives written in this Cleveland Magazine article, he deserves every day of this. I'm sure that some of these people had to be his clients or his associates' clients. I'm standing by my sentence.

If anything, the judge's reference to the magazine article suggests that she considered information from outside the record to justify her sentence. Indeed, she stated that she was "sure" that some of the individuals listed in the article were Keith's clients. The United States Supreme Court has held that

> judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

(Emphasis sic.) *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). At the very least, Judge Sutula's remark suggests that she relied on an extrajudicial factor to support her sentence.

{¶ 8} Finally, Keith avers that Judge Sutula failed to inform him at the initial sentencing that he had the opportunity to make a statement to the court. Keith is correct. The court of appeals determined that Judge Sutula failed to give Keith an opportunity to exercise his right to allocution and therefore vacated his sentences and remanded to the trial court for resentencing. *State v. Keith*, 8th Dist. Cuyahoga Nos. 102981, 103006, and 103009, 2016-Ohio-3056, 2016 WL 2941212, at ¶ 33–34. Typically, a judge's failure to comply with a statutory duty, without more, is not grounds for disqualification. However, "a judge could be disqualified if his or her adverse rulings were accompanied by words or conduct that call into question the manner in which the proceedings are being conducted." *In re Disqualification of Knece*, 138 Ohio St.3d 1274, 2014-Ohio-1414, 7 N.E.3d 1213, ¶ 9–10. Here, Judge Sutula's comments combined with her failure to give Keith an opportunity to speak at his sentencing call into question the manner in which the proceedings were conducted.

{¶ 9} In sum, "if a judge's words or actions convey the impression that the judge has developed a 'hostile feeling or spirit of ill will' * * * or if the judge has reached a 'fixed anticipatory judgment' that will prevent the judge from hearing the case with 'an open state of mind * * * governed by the law and the facts' * * *, then the judge should not remain on the case." (Second ellipsis sic.) *In re Disqualification of Hoover*, 113 Ohio St.3d 1233, 2006-Ohio-7234, 863 N.E.2d

634, ¶ 7, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Judge Sutula's previous comments combined with her failure to afford Keith an opportunity to allocute convey the impression that she had hostility toward him and a fixed anticipatory judgment regarding his sentence— regardless of what he had to say for himself. It is well established that a new judge should be assigned to hear a case on remand if the original trial judge conducted himself or herself in a way that created an appearance that he or she is unable to fairly and impartially complete the case. *See In re Disqualification of Winkler*, 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996 (disqualifying a judge from resentencing a defendant when the judge's comments at the original sentencing might reasonably cause an objective observer to question whether the judge would be able to fairly weigh any arguments that the defendant may offer on resentencing). Accordingly, to avoid any appearance of bias or prejudice and to ensure the absolute confidence of the parties in a fair and impartial resolution of these cases, a new judge must be assigned.

{¶ 10} The affidavit of disqualification is granted, and it is ordered that Judge Kathleen Ann Sutula participate no further in the underlying proceedings. The cases are returned to the administrative judge of the Cuyahoga County Court of Common Pleas for random reassignment to another judge of that court.