In re Disqualification of Zmuda.

The State of Ohio v. Sledge.

2017-Ohio-317.]

(No. 16–AP–105—Decided January 9, 2017.)

O'Connor, C.J.

{¶ 1} Defendant, Bryan Sledge, through his attorney, Kurt Bruderly, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Gene Zmuda from presiding over any further proceedings in the above-captioned case.

{¶ 2} In 2014, Mr. Sledge entered a plea of no contest to two counts of gross sexual imposition and one count of rape stemming from allegations that he sexually abused two of his ex-girlfriend's daughters when they were seven and four years old. After finding Mr. Sledge guilty, Judge Zmuda sentenced him to 17 years in prison. In 2016, the Sixth District Court of Appeals vacated Mr. Sledge's no-contest plea, finding that it had not been knowingly, voluntarily, and intelligently made. See State v. Sledge, 6th Dist. Lucas No. L–15–1109, 2016-Ohio-4904, 2016 WL 3654677. The case is now pending for trial before Judge Zmuda.

{¶ 3} In his affidavit of disqualification, Mr. Sledge claims that Judge Zmuda is biased and prejudiced against him because the judge repeatedly called him a "predator" and a "vile human being" at his initial sentencing hearing.

{¶ 4} Judge Zmuda has responded in writing to the affidavit, denying any bias or prejudice against Mr. Sledge and explaining the basis for his comments at the initial sentencing hearing.

{¶ 5} For the reasons explained below, no basis has been established to order the disqualification of Judge Zmuda.

{¶ 6} "Because a sentencing judge must ordinarily explain the reasons for imposing a sentence, judicial comments during sentencing, even if disapproving, critical, or heavy-handed, do not typically give rise to a cognizable basis for disqualification." In re Disqualification of Winkler, 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996, ¶ 9. As the United States Supreme Court explained,

> [t]he judge who presides at trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Liteky v. United States,* 510 U.S. 540, 550–551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

{¶ 7} Here, Judge Zmuda explains that he made the unfavorable sentencing comments to Mr. Sledge based on the record before him—including Mr. Sledge's convictions and courtroom behavior—and while he was attempting to explain his rationale for imposing consecutive sentences. Judge Zmuda affirms that notwithstanding his prior comments, Mr. Sledge is now before him having not been found guilty of any criminal conduct in this proceeding, and therefore the burden is on the state to demonstrate guilt beyond a reasonable doubt.

{¶ 8} Based on this record, Judge Zmuda's isolated sentencing comments do not establish that he is unable to fairly and impartially preside over the underlying trial. It is not unusual for trial judges to use strong language when sentencing defendants who have been convicted of sexual crimes against children. But as noted above, a judge's harsh sentencing comments will not ordinarily lead to disqualification. "This is so in part because a sentencing judge is the embodiment of public condemnation and social outrage * * *." Flamm, *Judicial Disqualification,* Section 16.4, at 397 (2d Ed.2007, Supp.2016). Further, there is nothing to suggest that Judge Zmuda's prior comments were not based on the record before him, and most importantly, he has affirmed that on remand, Mr. Sledge will once again maintain a presumption of innocence. *Compare Winkler* (disqualifying a judge from resentencing a defendant because, among other reasons, the judge's descriptions of the defendant and other comments at the initial sentencing might have caused an objective observer to question whether the judge could fairly weigh any arguments that the defendant may offer on resentencing); *In re Disqualification of Sutula,* 149 Ohio St.3d 1219, 2016-Ohio-8599, –74 N.E.3d 449 (disqualifying a judge from resentencing a defendant based on the judge's comments and conduct at the initial sentencing, including her apparent reliance on extrajudicial sources to justify her sentence).

{¶ 9} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presump-

tions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 10} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Zmuda.

{¶ 11} Finally, it is important to note that in his response to Mr. Sledge's affidavit of disqualification, Judge Zmuda states that the process under R.C. 2701.03 is "the only avenue to challenge a trial judge based on bias or prejudice, because a party cannot challenge bias or prejudice on appeal." To support this view, Judge Zmuda cites *State v. Earls*, 1st Dist. No. C–040531, 2006-Ohio-4029, 2006 WL 2237793. *Earls*, however, misquoted (and misinterpreted) the Ohio Constitution by stating that it gives the chief justice "exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Id.* at ¶ 16. Instead, the Ohio Constitution, Article IV, Section 5(C) provides that the chief justice "shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas." It is well settled that "a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, citing *Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). And an appellant forfeits a claim of judicial bias if it is not raised in an appeal to the courts of appeal. *Id.* at ¶ 35. Thus, contrary to Judge Zmuda's contention, an affidavit of disqualification is not the "only avenue" to raise a claim of judicial bias.