## In re Disqualification of Holbrook.

## The State of Ohio v. Oller.

2017-Ohio-7373.]

(No. 17–AP–039—Decided June 9, 2017.)

**O'Connor, C.J.**

{¶ 1} Defendant, Timothy Oller, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Michael Holbrook from presiding over any further proceedings in the above-referenced case in the Franklin County Court of Common Pleas.

{¶ 2} In 2016, a jury convicted Mr. Oller of involuntary manslaughter, and Judge Holbrook sentenced him to a maximum prison term of 21 years. The Tenth District Court of Appeals reversed the sentence, holding that Judge Holbrook erred in substituting his own factfinding for the facts found by the jury. Specifically, the appellate court determined that Judge Holbrook based the defendant's sentence on a finding that his acts were "calculated," thereby rejecting the jury's finding that Mr. Oller had acted under provocation by the victim. The court of appeals instructed that on remand, the trial judge must accept the jury's factual finding and sentence Mr. Oller on that basis. *See State v. Oller*, 2017-Ohio-814, 85 N.E.3d 1135.

{¶ 3} In his affidavit, Mr. Oller requests that Judge Holbrook be disqualified from resentencing him, arguing that the judge's prior sentencing comments demonstrate bias against him. For example, Mr. Oller points to the judge's comment that the defendant had "coldly and calculatedly" stabbed the victim in a "cowardly" fashion—despite the jury's finding that the defendant had acted under provocation by the victim. He also cites other sentencing remarks indicating that Judge Holbrook disagreed with the jury's finding on provocation and enhanced his sentence on that basis. He questions whether the judge can fairly and impartially resentence him.

{¶ 4} Judge Holbrook has responded in writing to the affidavit, denying any bias against Mr. Oller and requesting that the affidavit be denied. He acknowledges that at the initial sentencing, he expressed his opinion that the victim's death was avoidable, but he affirms that his prior comments "will not inhibit [his] ability to follow the Decision of the appellate court and to comply with the law."

{¶ 5} "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Mr. Oller has not established that Judge Holbrook's prior sentencing comments demonstrate hostility toward him combined with a fixed anticipatory judgment on his resentence.

{¶ 6} First, the judge's prior comments about Mr. Oller were not so personal that they established a sense of hostility or animosity toward the defendant. *Compare In re Disqualification of Winkler*, 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996 (disqualifying a judge from resentencing a defendant because the judge made a series of disparaging remarks about the defendant at the initial sentencing, which could have caused the objective observer to question whether the judge had developed hostile feelings toward the defendant). Additionally,

Judge Holbrook's comments were not based on any extrajudicial source, but rather on his interpretation of the video evidence in the case. *Compare In re Disqualification of Sutula*, 149 Ohio St.3d 1219, 2016-Ohio-8599, 74 N.E.3d 449 (disqualifying a judge from resentencing a defendant because the judge, among other things, appeared to rely on extrajudicial information to support her initial sentence).

{¶ 7} Second, Mr. Oller has not proved that Judge Holbrook has a fixed anticipatory judgment on the appropriate sentence. The court of appeals determined that Judge Holbrook erred by relying on his interpretation of the evidence, rather than the jury's findings, to support the defendant's initial sentence. In response, Judge Holbrook has affirmed that he will abide by the appellate court's decision and resentence Mr. Oller according to that court's remand instructions. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Based on this record—including Judge Holbrook's assurances that he will comply with the Tenth District's decision—those presumptions have not been overcome. *Compare Columbus v. Hayes*, 68 Ohio App.3d 184, 189, 587 N.E.2d 939 (10th Dist.1990) (remanding for further proceedings before a different judge when original sentencing judge, after being reversed, made it clear that he did not intend to follow the mandate of the appellate court).

{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge Holbrook.