[Cite as *State v. Corchardo*, 2017-Ohio-4390.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 MA 0155 |
| VS. | ) | |
| | ) | OPINION |
| BRENDALIZE CORCHADO | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Municipal Court of Youngstown, Mahoning County, Ohio
Case No. 16 CRB 778

JUDGMENT:    Affirmed.

APPEARANCES:
For Plaintiff-Appellee    Attorney Dana Lantz
Youngstown City Prosecutor
Attorney Jeffrey Moliterno
Assistant Prosecutor
26 S. Phelps Street, 4th Floor
Youngstown, Ohio 44503

For Defendant-Appellant    Attorney Edward Czopur
Attorney James Gentile
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: June 16, 2017

DeGENARO, J.

{¶1} Defendant-Appellant Brendalize Corchado appeals the trial court judgment convicting her of one count of assault and imposing a 90-day sentence. Corchado argues her sentence was erroneous because it resulted from the trial court's bias against her. She also argues that trial counsel was constitutionally ineffective for failing to move for disqualification of the trial court judge following the announcement of the verdict. As Corchado's assignments of error are meritless, the judgment of the trial court is affirmed.

{¶2} Corchado was charged with one count of assault, R.C. 2903.13, a first-degree misdemeanor, in connection with a road rage incident. She pled not guilty, retained counsel, and the matter proceeded to a bench trial.

{¶3} Testimony by the victim Tanya Trevathan and her boyfriend Joseph McGraw established that Trevathan was riding as a front passenger in McGraw's car. As they were driving, a vehicle operated by Corchado disregarded a stop sign and almost struck McGraw's vehicle. McGraw yelled obscenities at Corchado and the two vehicles parted ways. Soon thereafter, Corchado drove up behind the victim, and, along with another vehicle driven by Corchado's boyfriend, boxed McGraw's vehicle in, forcing it to a stop. Corchado's four-month-old child was in her vehicle during the incident.

{¶4} Corchado and her boyfriend then approached McGraw's vehicle. Corchado struck Trevathan through the open passenger window, causing Trevathan's face to bleed; she hit Corchado in return. McGraw got out of the car and according to Trevathan and McGraw, Corchado's boyfriend grabbed a machete from his vehicle, causing McGraw to retreat and drive away with Trevathan until police could arrive. Trevathan later found Corchado's keys on the front passenger-side floor of the McGraw's vehicle. A machete was never recovered by police.

{¶5} Corchado testified in her own defense and agreed that a road rage incident occurred and that McGraw's car did end up blocked in the road. She blamed McGraw for starting the incident, alleging he had gestured with his middle finger to her and "brake-checked" while driving in front of her. She admitted she left her child

in her vehicle and approached McGraw's vehicle. Although she denied throwing the first punch into the car, she admitted exchanging blows with Trevathan. Photographs of Trevathan and Corchado's injuries were admitted into evidence.

**{¶6}** During closing arguments, the State focused on the issue of credibility and argued the testimony of Corchado was not credible in that she wanted the trial court to believe that although she left her vehicle and approached the victim's car with keys in hand, she was not the primary aggressor.

**{¶7}** The trial court found Corchado guilty of assault as charged. Sentencing was continued so that a pre-sentence investigation could be prepared. Following a sentencing hearing, the trial court ordered a mental health evaluation, anger management counseling and imposed a 90-day jail term as recommended by the PSI, to be followed by two years of intensive probation. Corchado was also ordered to pay a fine, plus court and supervision costs. Finally, Corchado was ordered to have no contact with the victim. Corchado successfully moved the trial court for a stay of her sentence pending appeal.

### Misdemeanor Sentencing

**{¶8}** In her first of two assignments of error, Corchado asserts:

Appellant was denied due process of law issued a sentence that is contrary to law when the trial court showed prejudice against Appellant both during the trial phase and sentencing phase.

**{¶9}** "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id. See also* R.C. 2929.21(B) (the sentence "shall be reasonably calculated to achieve the two overriding purposes* * * commensurate with and not demeaning to the seriousness of the offender's conduct

and its impact on the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.")

**{¶10}** Pursuant to R.C. 2929.22(A), trial courts imposing a misdemeanor sentence have the "discretion to determine the most effective way to achieve the purposes and principles of sentencing" provided in R.C. 2929.21. Unless a specific sentence is required, a court that imposes a sentence upon an offender for a misdemeanor may impose any sanction or combination of sanctions under R.C. 2929.24 through 2929.28. R.C. 2929.22(A).

**{¶11}** Under R.C. 2929.22(B)(1), the court shall consider seven factors in determining the appropriate sentence for a misdemeanor, including the nature and circumstances of the offense, whether the offender has a history of criminal activity, the offender's history and character relative to the risk of being a danger to others and the circumstances of the victim. Additionally, the sentencing court may consider any other relevant factor. R.C. 2929.22(B)(2). Before imposing a jail term, the trial court is to consider the appropriateness of imposing a community control sanction. R.C. 2929.22(C). Here, the maximum sentence is 180 days; the trial court imposed 90 days as recommended in the PSI.

**{¶12}** "A misdemeanor sentence is reviewed for an abuse of discretion." *Id.* at ¶ 11, citing *State v. Nuby*, 7th Dist. No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Reynolds*, 7th Dist. No. 08-JE-9, 2009-Ohio-935, ¶ 9. An abuse of discretion means the trial court's decision is unreasonable based upon the record; that the appellate court may have reached a different result is not enough to warrant reversal. *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013–Ohio–2951, ¶ 21.

**{¶13}** Corchado argues that her sentence was erroneous because the trial court showed prejudice against her both during the trial and sentencing phases. Corchado has conceded that this court generally cannot consider judicial bias arguments regarding sentencing because disqualification is beyond our jursidiction. *See State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254. "The only avenue for disqualifying a common pleas court judge is via an affidavit of disqualification with the

Ohio Supreme Court pursuant to R.C. 2701.03. A defendant cannot forgo this procedure and present the issue to the court of appeals in order to avoid Supreme Court jurisdiction." *State v. Donald*, 7th Dist. No. 09 MA 172, 2011-Ohio-3400, ¶ 2.

**{¶14}** Still, as this court in *Power* noted, under rare circumstances "biased comments at sentencing can be reviewed for due process violations." *Power* at ¶ 22. We cautioned though that "this is typically reserved for extreme cases or those involving a constitutionally protected status." *Id.*, citing *State v. Arnett*, 88 Ohio St.3d 208, 218, 724 N.E.2d 793 (2000) (addressing a comment alleged to involve religion).

**{¶15}** In *Power*, the defendant argued that the trial court demonstrated bias against him during sentencing and should have recused, due to comments the trial court made to the victim's mother (calling her a bad mother because she failed to report the abuse to her daughter sooner), and telling the defendant: " "What you did here is despicable. It's beyond understanding." *Power* at ¶ 13. We concluded that these comments by the trial court "do not come near the level of a due process violation or otherwise constitute reversible sentencing error." We continued:

> [O]pinions formed by the judge on the basis of facts in the record do not constitute a basis for a bias or partiality motion unless they display a deepseated antagonism that would make fair judgment impossible. *State v. Dean,* 127 Ohio St.3d 140, 2010–Ohio–5070, 937 N.E.2d 97, ¶ 49. Hence, critical, disapproving, or even hostile statements ordinarily do not support a bias or partiality challenge. *Id.*
>
> It is not reversible error for a sentencing judge, in explaining his sentence, to make critical statements about a defendant's conduct based upon the facts of the case presented to the court. See, e.g., *State v. Cemino*, 2d Dist. No. 24442, 2011–Ohio–5690, ¶ 8, 18–20 (scolding defendant and characterizing what he did as nasty, despicable, disgusting, and awful was not indicative of bias); *State v. Coomer*, 12th Dist. Nos. CA2009–09–016, CA2009–09–017, 2010– Ohio–3474, ¶ 18 (trial court's statement that the defendant was a

psychopath may have been ill-advised, but it was not reversible).

*Power* at ¶ 26-27.

**{¶16}** Corchado takes issue with comments made by the trial court during the trial and at sentencing. First, after the prosecutor made his rebuttal closing argument and stated Corchado was simply not credible, the trial court stated that Corchado's testimony was "totally incredible, absolutely incredible. Shame on you. I have absolutely no difficulty at all in finding that you are guilty of assault as charged." The trial court made further comments that were intemperate in nature.

**{¶17}** The PSI revealed that Corchado had been convicted of another road rage incident 11 years prior. During sentencing several weeks later, in addition to other intemperate comments, the trial court expressed its disgust for Corchado's "immature" and "ridiculous" conduct and shamed Corchado as a mother for acting in such a manner.

**{¶18}** These comments, and others made by the trial court, are akin to those in *Power*, and were at times ill-advised and inappropriate. Nonetheless, the trial court's statements do not rise to the level of a due process violation or reversible sentencing error. Moreover, Corchado cannot demonstrate prejudice. Corchado had a criminal record that included a road rage conviction 11 years earlier where Corchado attacked another driver. After the initial confrontation in this case, Corchado returned with her boyfriend who was driving a second vehicle and pursued Trevathan and McGraw, blocking that vehicle in and forcing it to stop. Corchado then left her four-month-old baby in her car in order to assault Trevathan.

**{¶19}** Despite the strong language used by the trial court, it still imposed the sentence recommended in the PSI, which was well short of the 180-day maximum sentence Corchado could have received for the conviction. *See* R.C. 2929.24(A)(1). Thus, the 90-day sentence imposed by the trial court does not constitute an abuse of discretion. Accordingly, Corchado's first assignment of error is meritless.

**Ineffective Assistance of Counsel**

**{¶20}** In her second and final assignment of error, Corchado asserts:

Appellant was denied the effective assistance of counsel as evinced by trial counsel's failure to move for disqualification of the trial judge following the announcement of the verdict.

**{¶21}** To prove ineffective assistance of counsel, the defendant must satisfy a two-prong test; that counsel's performance has fallen below an objective standard of reasonable representation, and that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), at paragraph two of the syllabus. To demonstrate prejudice, the defendant must prove that, but for counsel's errors, the result of the trial would have been different. *Id*., paragraph three of the syllabus. In Ohio, a properly licensed attorney is presumed to be competent and the burden is on the defendant to prove otherwise. *State v. Hamblin*, 37 Ohio St.3d 153, 155, 524 N.E.2d 476 (1988). Moreover, counsel is not deemed deficient for failing to file meritless motions, *State v. Kelly*, 179 Ohio App.3d 666, 2008–Ohio–6598, 903 N.E.2d 365, ¶ 76 (7th Dist.).

**{¶22}** The Ohio Supreme Court has explained: "Because a sentencing judge must ordinarily explain the reasons for imposing a sentence, judicial comments during sentencing, even if disapproving, critical, or heavy-handed, do not typically give rise to a cognizable basis for disqualification." *In re Disqualification of Zmuda*, --- N.E.3d ----, 2017-Ohio-317, ¶ 6, quoting *In re Disqualification of Winkler*, 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996, ¶ 9. The Court continued:

[t]he judge who presides at trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the

course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Zmuda* at ¶ 6, quoting *Liteky v. United States*, 510 U.S. 540, 550–551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

**{¶23}** Thus, although the trial court's comments here were at times ill-advised and could be characterized as inappropriate, an affidavit of disqualification would not have succeeded. Further, Corchado was not prejudiced. Corchado cannot show that the sentence would have been any different with a different judge in light of her prior conviction for road rage and the facts of this case as discussed above. Most notably, the trial court imposed the sentence recommended in the PSI, well short of the 180 day maximum sentence Corchado could have received. *See* R.C. 2929.24(A)(1). Thus, the sentence imposed is reasonable.

**{¶24}** In sum, both of Corchado's assignments of error are meritless and the judgment of the trial court is affirmed.

Waite, J., concurs.

Robb, P. J., concurs.